**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| ZOHO CORPORATION PVT. LTD.,<br>ZOHO CORPORATION, and<br>ZOHO TECHNOLOGIES CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>ARLINGTON TECHNOLOGIES, LLC<br><br>Defendant. | Case No. 1:26-cv-3094<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Zoho Corporation Pvt. Ltd., Zoho Corporation, and Zoho Technologies Corporation (collectively, "Zoho" or "Plaintiffs"), by and through their attorneys, bring the following Complaint against Defendant Arlington Technologies, LLC ("Arlington" or "Defendant") for a declaratory judgment of non-infringement as follows:

## I. NATURE OF THE ACTION

1. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35, United States Code, Zoho seeks a declaratory judgment of non-infringement of U.S. Patent Nos. 7,327,834 (the "'834 patent"); 7,668,304 (the "'304 patent"); 8,041,344 (the "'344 patent"); 8,373,743 (the "'743 patent"); 9,432,517 (the "'517 patent"); 10,630,733 (the "'733 patent"); and 11,586,954 (the "'954 patent") (collectively "the patents-in-suit").

2. In correspondence to Zoho, Arlington asserts that various Zoho products infringe the patents-in-suit. Specifically, Arlington asserts that features of Zoho Calendar infringe the '834 patent, features of Zoho Meeting infringe the '304, '743, and '733 patents, features of Zoho Mail

infringe the ’344 patent, features of Zoho Cliq infringe the ’517 patent, and features of Zoho Zia infringe the ’954 patent. Because Arlington’s assertions have no merit and the accused Zoho products do not infringe any of the patents-in-suit, the Zoho plaintiffs seek a declaratory judgment of non-infringement.

## II. PARTIES

3. Zoho Corporation Pvt. Ltd. is a corporation organized and existing under the laws of India, with a principal place of business at Estancia IT Park, Plot No. 140 & 151, GST Road, Vallancherry Village, Chengalpattu Taluk, Kanchipuram District 603 202, India.

4. Zoho Technologies Corporation is a corporation organized and existing under the laws of the State of California with its place of business at 4141 Hacienda Drive, Pleasanton, California, 94588. Zoho Technologies Corporation is a wholly-owned subsidiary of Zoho Corporation Pvt. Ltd. and was the U.S. distributor for all Zoho Products until 2024.

5. Zoho Corporation is a corporation organized and existing under the laws of the State of California with its place of business at 4141 Hacienda Drive, Pleasanton, California, 94588. Zoho Corporation is the current U.S. distributor for all Zoho Products.

6. On information and belief, Arlington is a limited liability company formed under the laws of the State of Texas with a registered office address located at 3811 Turtle Creek Blvd., Suite 400, Dallas, TX 75219.

## III. JURISDICTION AND VENUE

7. This is a civil action regarding patent non-infringement arising under the patent laws of the United States, Title 35 of the United States Code. Arlington has asserted that the patents-in-suit read on the accused features used in conjunction with Zoho Calendar, Zoho Meeting, Zoho Mail, Zoho Cliq, and Zoho Zia and has demanded that Zoho take a license to the patents-in-suit. The accused Zoho technology does not infringe the patents-in-suit. Thus, a

substantial controversy exists between Zoho and Arlington that is of sufficient immediacy and reality to allow the Court to issue a declaratory judgment.

8. This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pursuant to 28 U.S.C. §§ 2201 and 2202. Jurisdiction is also proper under 28 U.S.C. § 1332 because Zoho and Arlington are citizens of different states and the value of the controversy exceeds $75,000.00.

9. This Court has personal jurisdiction over Arlington, a non-praticing patent assertion entity, because Arlington has purposefully and affirmatively engaged in enforcement of its patent portfolio including the patents-in-suit in this District. For example, Arlington filed suit asserting patents from its portfolio in this district against NVIDIA Corporation. *See Arlington Technologies LLC v. NVIDIA Corp.*, Case No. 7:25-cv-00483-ADA, ECF No. 1 (W.D. Tex. Oct. 22, 2025).

10. In addition, between July and October 2026, Arlington sent multiple instances of correspondence directly to Zoho, who is located in this District, as well as directly to Zoho's counsel, who is also located in this District, asserting that Zoho's products infringe the patents-in-suit. Among this correspondence, Arlington sent charts indicating how Arlington believes Zoho's products practice the patents-in-suit. Specifically, in July 2026, Arlington sent a letter addressed to Zoho Corporation Pvt. Ltd.'s Director of Legal at an address in Austin, Texas. Following this letter, Arlington corresponded with Zoho's counsel, some of whom are located in this District, on multiple occasions.

11. On information and belief, in the course of its enforcement campaign, in addition to the litigation referenced above, Arlington has targeted companies (including but not limited to Oracle, Apple, Samsung, AT&T, and Meta) located in Texas and within this District asserting that such companies were practicing one or more of the patents-in-suit without a license. On

information and belief, Arlington has entered into patent licenses with several companies located in this District, including but not limited to, Oracle, Apple, Samsung, AT&T, and Meta. On information and belief, Arlington sent correspondence to these companies and communicated over the phone with one or more of these companies regarding enforcement of one or more of the patents-in-suit.

12. On information and belief, Arlington's operations are limited to patent enforcement. Thus, a substantial portion of Arlington's operations (related to enforcement of its patents (including the patents-in-suit)) have occurred in this District.

13. Venue is proper in this district under 28 U.S.C. § 1391(b) at least because the events which give rise to the requested remedy occurred in this District.

## IV. PATENTS-IN-SUIT

14. The '834 patent, entitled METHOD AND SYSTEM FOR PROVIDING INTERACTIVE EVENT REMINDERS, states on its face that it issued on February 5, 2008. A true and correct copy of the '834 patent is attached as Exhibit 1.

15. The '304 patent, entitled DISPLAY HIERARCHY OF PARTICIPANTS DURING PHONE CALL, states on its face that it issued on February 23, 2010. A true and correct copy of the '304 patent is attached as Exhibit 2.

16. The '344 patent, entitled COOLING OFF PERIOD PRIOR TO SENDING DEPENDENT ON USER'S STATE, states on its face that it issued on October 18, 2011. A true and correct copy of the '344 patent is attached as Exhibit 3.

17. The '743 patent, entitled SYSTEM AND METHOD FOR PLAYING BACK INDIVIDUAL CONFERENCE CALLERS, states on its face that it issued on February 12, 2013. A true and correct copy of the '743 patent is attached as Exhibit 4.

18. The ’517 patent, entitled METHODS, APPARATUSES, AND SYSTEMS FOR GENERATING AN ACTION ITEM IN RESPONSE TO A DETECTED AUDIO TRIGGER DURING A CONVERSATION, states on its face that it issued on August 30, 2016. A true and correct copy of the ’517 patent is attached as Exhibit 5.

19. The ’733 patent, entitled GENERATING RECORDING ACCESS PERMISSIONS BASED ON MEETING PROPERTIES, states on its face that it issued on April 21, 2020. A true and correct copy of the ’733 patent is attached as Exhibit 6.

20. The ’954 patent, entitled PREDICTIVE ANALYTICS AND SERVICES, states on its face that it issued on February 21, 2023. A true and correct copy of the ’954 patent is attached as Exhibit 7.

21. On information and belief, Arlington is the sole and exclusive owner of all right, title, and interest in the patents-in-suit.

## V. FACTUAL BACKGROUND

22. In July 2026, Arlington, via its licensing agent Dominion Harbor Group, LLC (“Dominion Harbor”), sent correspondence to Zoho asserting that Zoho was using the technology allegedly claimed in the patents-in-suit and demanding that Zoho take a license to its patent portfolio.

23. In August 2026, Dominion Harbor followed up, providing claim charts purporting to show how Zoho’s products infringed each of the patents-in-suit. Zoho responded in September 2026, and after Zoho’s counsel identified questions about Arlington’s infringement theories, Arlington doubled down on its assertion that Zoho’s products infringed each of the patents-in-suit. Later in September 2026, representatives for Dominion Harbor had a teleconference with Zoho’s counsel to explain Arlington’s infringement allegations. Dominion Harbor continued to follow up with Zoho’s counsel throughout October 2026.

24. Despite Arlington's assertions, Zoho does not infringe any of the patents-in-suit.

25. Arlington has asserted its patent portfolio, including several of the patents-in-suit, against other technology companies ("the Prior Defendants"). Arlington Technologies LLC v. Lark Technologies Pte. Ltd., Case No. 2:26-cv-00396 (E.D. Tex. 2026) (asserting the '304, '517, and '733 patents); Arlington Technologies LLC v. RingCentral, Inc., Case No. 1:25-cv-00613 (D. Del. 2025) (asserting the '304, '517, and '733 patents); Arlington Technologies LLC v. Zoom Communications, Inc., Case No. 1:25-cv-00673 (D. Del. 2025) (asserting the '743 patent). These lawsuits against the Prior Defendants are collectively referred to herein as "the Prior Actions."

26. Given Arlington's lawsuits against the Prior Defendants in the Prior Actions, Arlington's allegations against Zoho for allegedly infringing the patents-in-suit, and Arlington's business practice of suing companies that do not agree to Arlington's terms for a patent license, there exists a substantial controversy between Zoho and Arlington that involves adverse legal interests and is of sufficient immediacy and reality.

27. An actual and justiciable controversy exists between Zoho and Arlington regarding whether Zoho directly or indirectly infringes any valid claim of the patents-in-suit, literally or under the doctrine of equivalents.

28. A judicial declaration is necessary to determine the respective rights of the parties regarding the patents-in-suit. Zoho, therefore, seeks a judicial declaration that it did not directly or indirectly infringe any claim of the patents-in-suit, literally or under the doctrine of equivalents.

## FIRST CAUSE OF ACTION:
## (Declaratory Judgment of Non-Infringement of the '834 Patent)

29. Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

30. Arlington claims to own all right, title and interest in the ’834 patent, including rights to enforce the ’834 patent and recover for its infringement.

31. Arlington has asserted that Zoho Calendar products infringe the ’834 patent.

32. Claim 1 of the ’834 patent requires “defining an intended recipient for the event reminder message.” Zoho Calendar does not define an intended recipient for an event reminder message.

33. Claim 1 of the ’834 patent requires “defining event reminder message content, wherein the event reminder message content is a message content type that may be delivered using the selected event reminder message delivery method.” Zoho Calendar does not include an ability to define event reminder message content.

34. For at least these reasons, Zoho does not infringe, directly or indirectly, the ’834 patent, literally or under the doctrine of equivalents.

35. An actual controversy exists between Zoho and Arlington concerning non-infringement of the ’834 patent.

36. Accordingly, Zoho seeks a declaration that the claims of the ’834 patent are not infringed.

## SECOND CAUSE OF ACTION:
## (Declaratory Judgment of Non-Infringement of the ’304 Patent)

37. Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

38. Arlington claims to own all right, title and interest in the ’304 patent, including rights to enforce the ’304 patent and recover for its infringement.

39. Arlington has asserted that Zoho Meeting products infringe the ’304 patent.

40. Claim 1 of the ’304 patent requires “determining characteristics of each of the first and second participants.” The ’304 patent describes that “[t]he characteristics may include a variety of information including participant identity, title, age, sex, ethnicity, country of citizenship, country of residence, electronic address, company of employment, role within a project, employment status, and the like.” ’304 patent at 3:6–10. Zoho Meeting does not determine any characteristic about the meeting participant.

41. Claim 1 of the ’304 patent also requires “creating a hierarchal structure of the first and second participants based upon their respective determined characteristics, wherein the first participant has a first hierarchical ranking and the second participant a second hierarchical ranking, and wherein the hierarchical structure indicates the relative values of the first and second hierarchical rankings.” The ’304 patent distinguishes the prior art by asserting that “Shaffer et al., which is herein incorporated by this reference, a system and method are described that identifies a speaking participant during a conference call…. However, this architecture fails to provide the relative rankings of the various participants on an absolute basis.” ’304 patent at 1:48–57. Zoho Meeting has no hierarchical ranking mechanism.

42. For at least these reasons, Zoho does not infringe, directly or indirectly, the ’304 patent, literally or under the doctrine of equivalents.

43. An actual controversy exists between Zoho and Arlington concerning non-infringement of the ’304 patent.

44. Accordingly, Zoho seeks a declaration that the claims of the ’304 patent are not infringed.

**THIRD CAUSE OF ACTION:**
**(Declaratory Judgment of Non-Infringement of the ’344 Patent)**

45. Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

46. Arlington claims to own all right, title and interest in the ’344 patent, including rights to enforce the ’344 patent and recover for its infringement.

47. Arlington has asserted that Zoho Mail products infringe the ’344 patent.

48. Claim 1 of the ’344 patent requires “intercepting the sending of a message sent by a sender.” Zoho Mail does not intercept a message and instead allows a sender to schedule a message to be sent at a time in the future.

49. Claim 1 of the ’344 patent also requires “determining if a delay mode or an impaired condition mode is active.” Zoho Mail does not determine if a delay mode is active.

50. For at least these reasons, Zoho does not infringe, directly or indirectly, the ’344 patent, literally or under the doctrine of equivalents.

51. An actual controversy exists between Zoho and Arlington concerning non-infringement of the ’344 patent.

52. Accordingly, Zoho seeks a declaration that the claims of the ’344 patent are not infringed.

**FOURTH CAUSE OF ACTION:**
**(Declaratory Judgment of Non-Infringement of the ’743 Patent)**

53. Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

54. Arlington claims to own all right, title and interest in the ’743 patent, including rights to enforce the ’743 patent and recover for its infringement.

55. Arlington has asserted that Zoho Meeting products infringe the ’743 patent.

56. Claim 1 of the ’743 patent requires “a recorder configured to individually record at least one of the plurality of streams, to receive a request for at least a portion of the at least one but not all of the plurality of streams, and to output only the requested at least a portion of the at least one but not all of the plurality of streams.” Zoho Meeting provides a single recording and does not support requesting and outputting only a requested portion of at least one but not all of the plurality of streams.

57. For at least these reasons, Zoho does not infringe, directly or indirectly, the ’743 patent, literally or under the doctrine of equivalents.

58. An actual controversy exists between Zoho and Arlington concerning non-infringement of the ’743 patent.

59. Accordingly, Zoho seeks a declaration that the claims of the ’743 patent are not infringed.

**FIFTH CAUSE OF ACTION:**
**(Declaratory Judgment of Non-Infringement of the ’517 Patent)**

60. Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

61. Arlington claims to own all right, title and interest in the ’517 patent, including rights to enforce the ’517 patent and recover for its infringement.

62. Arlington has asserted that Zoho Cliq products infringe the ’517 patent.

63. Claim 1 of the ’517 patent requires “notifying, by the processor, the at least one of the plurality of participants that the at least one action item has been generated.” Claim 1 of the ’517 patent also requires “generating, by the processor, at least one action item associated with at least one of the plurality of participants in response to detecting the predefined audio trigger, wherein the at least one action item is based on the predefined audio trigger and on a portion of

the audio content associated with the predefined audio trigger." Zoho Cliq notifies the host or co-host of action items, not a particular person associated with an action item.

64. For at least these reasons, Zoho does not infringe, directly or indirectly, the '517 patent, literally or under the doctrine of equivalents.

65. An actual controversy exists between Zoho and Arlington concerning non-infringement of the '517 patent.

66. Accordingly, Zoho seeks a declaration that the claims of the '517 patent are not infringed.

## SIXTH CAUSE OF ACTION:
## (Declaratory Judgment of Non-Infringement of the '733 Patent)

67. Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

68. Arlington claims to own all right, title and interest in the '733 patent, including rights to enforce the '733 patent and recover for its infringement.

69. Arlington has asserted that Zoho Meeting products infringe the '733 patent.

70. Claim 8 of the '733 patent requires "generating permissions for accessing a recording of the meeting based on the meeting properties, wherein the permissions include access permissions for one or more persons to access the recording, wherein the one or more persons were not invited to the meeting ... and are associated with a workgroup within an organization that is also associated with the plurality of participants." Claim 8 requires that access permission is "based on the list of participants invited to the meeting." In Zoho Meeting, access granted to "anyone in the organization" is based on the meeting host's organization, not a list of participants invited to the meeting. Additionally, the meeting host manually selects the recording access instead of a "meeting publishing system" performing the step.

71. For at least these reasons, Zoho does not infringe, directly or indirectly, the ’733 patent, literally or under the doctrine of equivalents.

72. An actual controversy exists between Zoho and Arlington concerning non-infringement of the ’733 patent.

73. Accordingly, Zoho seeks a declaration that the claims of the ’733 patent are not infringed.

**SEVENTH CAUSE OF ACTION:**
**(Declaratory Judgment of Non-Infringement of the ’954 Patent)**

74. Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

75. Arlington claims to own all right, title and interest in the ’954 patent, including rights to enforce the ’954 patent and recover for its infringement.

76. Arlington has asserted that Zoho Zia products infringe the ’954 patent.

77. Claim 1 of the ’954 patent requires “receiving, by a broker device, a request for action data from an interactive application interacting with a user utilizing a user device.” Arlington has mapped a CRM console to the claimed “user device.” Zoho Zia does not receive a request for action data from a CRM console.

78. Claim 1 of the ’954 patent requires “receiving, by the broker device, session data from the interactive application, the session data associated with the session and the user device.” Zoho Zia does not receive session data that is associated with both the session and the user device.

79. Claim 1 of the ’954 patent requires a request that is “generated by the interactive application based on a decision point associated with the interactive application” during “a session with the user device,” answered by a separate “broker device” that returns “action data” for use within that same live session. Zoho Zia studies the closed-won deals, understands how

correspondences are handled at each stage, correlates the findings with open deals, and displays suggestions inside a deal. Zoho Zia takes up to 24 hours to study the closed deals to display suggestions. Therefore, Zoho Zia does not generate suggestions within a session with the user device.

80. For at least these reasons, Zoho does not infringe, directly or indirectly, the ’954 patent, literally or under the doctrine of equivalents.

81. An actual controversy exists between Zoho and Arlington concerning non-infringement of the ’954 patent.

82. Accordingly, Zoho seeks a declaration that the claims of the ’954 patent are not infringed.

## VI. DEMAND FOR JURY TRIAL

83. Pursuant to Federal Rule of Civil Procedure 38 and Civil L.R. 3-6, Zoho hereby demands a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised.

## VII. PRAYER FOR RELIEF

Wherefore, Zoho requests that the Court enter judgment in its favor and against Arlington as follows:

A. Declaring that Zoho has not infringed, directly or indirectly, literally or by equivalents, any claim of the patents-in-suit;

B. Declaring that judgment be entered in favor of Zoho and against Arlington;

C. Enjoining Arlington, its agents, and all persons acting in concert or participation with it, from alleging, representing, claiming, or otherwise stating that Zoho infringes the patents-in-suit;

D. Awarding Zoho its costs and attorneys’ fees in connection with this action;

E. For leave to amend this Complaint as necessary; and

F. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: November 3, 2026

*/s/ Valerie K. Barker*

Ryan J. Marton (*pro hac vice* pending)
Carolyn Chang (*pro hac vice* pending)
Phillip J. Haack (CA 262060, admitted W.D. Tex.)
Joseph Gray (Texas Bar No. 24045970)
Tecuan Flores (Texas Bar No. 24084569)
Valerie K. Barker (Texas Bar No. 24087141)
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2515
Email: ryan@martonribera.com
carolyn@martonribera.com
phaack@martonribera.com
joey@martonribera.com
tecuan@martonribera.com
valerie@martonribera.com

*Counsel for Plaintiffs ZOHO CORPORATION PVT. LTD., ZOHO CORPORATION, and ZOHO TECHNOLOGIES CORPORATION*